ELECTRONICALLY FILED - 2017 Apr 03 10:04 AM - HORRY - COMMON PLEAS - CASE#2017CP2602174

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CASE NUMBER: 2017-CP-26- |
| ) | |
| Kenneth Behr, ) | |
| ) | |
| Plaintiff, ) | **SUMMONS** |
| ) | |
| vs. ) | |
| ) | |
| Progressive Home Advantage and ) | |
| Homesite Insurance Company of ) | |
| the Midwest, ) | |
| ) | |
| Defendants. ) | |

TO: DEFENDANTS NAMED ABOVE

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber, Ralph J. Wilson, Sr., Esquire, at his office, 1323 Third Avenue, Conway, South Carolina 29526, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in such Complaint.

Respectfully Submitted,

s/Ralph J. Wilson, Sr.
Ralph J. Wilson, Sr., SC Bar #6176
Attorney for the Plaintiffs
P.O. Box 1827
Conway, SC 29528-1827
Telephone:   843-381-0765
Facsimile:   888-519-0549
Email: stephanie@rjwlawpa.com

April 03, 2017
Conway, South Carolina


DEFENDANT'S EXHIBIT A

ELECTRONICALLY FILED - 2017 Apr 03 10:04 AM - HORRY - COMMON PLEAS - CASE#2017CP2602174

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CASE NUMBER: 2017-CP-26- |
| ) | |
| Kenneth Behr, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | ***BAD FAITH and BREACH OF CONTRACT*** |
| Progressive Home Advantage and ) | [JURY TRIAL DEMANDED] |
| Homesite Insurance Company of ) | |
| the Midwest, ) | |
| ) | |
| Defendants. ) | |

Complaining of the above-named Defendants, Plaintiff would show the following:

### PARTIES AND VENUE

1. Plaintiff, Kenneth Behr, is a citizen and resident of the County of Horry, State of South Carolina.

2. That Plaintiff is informed and believes that the Defendant, Progressive Home Advantage, is a corporation organized and existing under the laws of a state other than South Carolina and does business in the State of South Carolina, County of Horry, through its agents, servants and/or employees.

3. That Plaintiff is informed and believes that the Defendant, Homesite Insurance Company of the Midwest, is a corporation organized and existing under the laws of the State of Wisconsin and does business in the State of South Carolina, County of Horry, through its agents, servants and/or employees.

Page 1 of 6

ELECTRONICALLY FILED - 2017 Apr 03 10:04 AM - HORRY - COMMON PLEAS - CASE#2017CP2602174

4.     Venue is appropriate in the County of Horry, because a substantial part of the events or omissions giving rise to the claim occurred in Horry County, and because Defendants do business within the County of Horry relating to the events or omissions alleged in this Complaint.

## FACTS

5.     Plaintiff purchased his residence and contracted with Defendants wherein Defendants agreed to provide Plaintiff with property and casualty insurance covering real property at 321 Circle Heights Drive, Loris, South Carolina, pursuant to Policy Number 31264527.

6.     In accordance with the contract, Plaintiff timely paid all premiums due and payable to Defendants and otherwise complied with all terms and condition of the insurance contract.

7.     On or about April 6, 2014, Plaintiff was absent from the insured property when his home was burglarized and subsequently damaged by fire causing substantial damage to the structure, as well as to the building's contents.

8.     The April 6, 2014, burglary, theft, and subsequent fire constituted a covered "occurrence" under the terms of the policy and triggered Defendants' duty to indemnify Plaintiff.

9.     Plaintiff gave timely notice of the occurrence to law enforcement and Defendants; Defendants later acknowledged notice from Plaintiff.

10.     Rather than timely paying the Plaintiff for his loss, as required by the clear and unambiguous terms of the insurance contract, the Defendants refused to make a coverage decision, and required agents of the Plaintiff to submit voluminous forms and other documents ostensibly required to make a coverage decision.

11.     Throughout Defendants time-consuming investigation, Plaintiff and his agents cooperated fully and provided the Defendants with all information and documentation Defendants requested.

12. The Defendants insisted that the Plaintiff be subjected to a sworn deposition on November 5, 2014, before the Defendants' counsel and court reporter seven [7] months after the date of loss even though this procedure was not necessary.

13. As of the date this complaint is filed, the Defendants have yet to make a final coverage decision, despite the fact that the loss occurred almost three (3) years ago, Plaintiff gave the Defendants notice of the loss immediately and Defendants have had more than sufficient time to make a coverage decision. Defendants' delay is unreasonable and a violation of their duties arising under the insurance policy.

## FOR THE FIRST CAUSE OF ACTION
### [Bad Faith]

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs one through thirteen [1-13], above, as if repeated herein verbatim.

15. Plaintiff is due benefits for the burglary, theft, and fire and resulting damages under the clear terms and conditions of the Policy.

16. Defendants have refused and unreasonably delayed, and continue to refuse and unreasonably delay full payment of the Policy benefits due the Plaintiff.

17. Defendants have actual knowledge of the Plaintiff's need for payment of the benefits due under the Policy, yet despite this knowledge, continues to refuse payment of the Policy benefits to the Plaintiff.

18. Defendants' refusal to fully pay benefits due is unreasonable and without legal or factual justification.

19. Defendants have failed to make a prompt and reasonable investigation of Plaintiff's claim.

ELECTRONICALLY FILED - 2017 Apr 03 10:04 AM - HORRY - COMMON PLEAS - CASE#2017CP2602174

20. Defendants have refused and continue to refuse to interpret the Policy according to its plain and unambiguous language and terms, and have refused and continue to refuse to provide the coverage defined in the Policy.

21. Through their unreasonable and unjustifiable conduct, Defendants have forced and compelled Plaintiff to file suit in order to receive full payment of the benefits due under the Policy.

22. Defendants have acted and continue to act unreasonably and in bad faith in breach of the implied covenant of good faith and fair dealing implicit in the Policy pursuant to South Carolina law.

23. Defendants' conduct described herein has caused Plaintiff to sustain damages in the form of expenses for debris removal, replacement costs for personal property, expense incurred in attempting to settle his claim, loss of use of his home, loss of the value of his home and further deterioration of the property in question.

24. Defendants' conduct is willful, wanton and in reckless disregard of the Plaintiff's rights under the Policy and under South Carolina law; therefore, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury.

25. Furthermore, because Defendants' refusals to pay (only partial) benefits and proceeds due under the Policy were without reasonable cause and in bad faith, Plaintiff is entitled to an award of attorney's fees and court costs in an amount to be determined by the Court, pursuant to South Carolina Code of Law.

## FOR THE SECOND CAUSE OF ACTION
[Breach of Contract]

26. Plaintiff realleges and incorporates the allegations set forth in paragraphs one through twenty-five [1-25], above, as if repeated herein verbatim.

ELECTRONICALLY FILED - 2017 Apr 03 10:04 AM - HORRY - COMMON PLEAS - CASE#2017CP2602174

ELECTRONICALLY FILED - 2017 Apr 03 10:04 AM - HORRY - COMMON PLEAS - CASE#2017CP2602174

27.   The Policy described above in this Complaint constituted a valid and binding contract of insurance in force and effect from July 1, 2010 and in full force at the time of the loss.

28.   The Policy obligated the Defendants to pay benefits due under the Policy to the Plaintiff for all losses covered by the policy and subject to the terms and conditions of the Policy.

29.   The burglary, theft and fire on April 6, 2014, was an occurrence under the Policy and the losses resulting therefrom were covered by the Policy.

30.   Plaintiff performed all conditions precedent required for making a claim under the Policy.

31.   Defendant breached the Policy in the following ways:

   a.   by failing to make full payments for the direct physical loss of and physical damage to the covered property caused by the fire;

   b.   by failing to make full payments for the building contents, including the Plaintiff's personal property and effects that were stolen and/or damaged or ruined by the fire.

   c.   by failing to make a reasonable timely investigation into the burglary/fire and the resulting loss and/or damages.

   d.   by failing and refusing to pay the loss within thirty [30] days of Plaintiff's submission of the sworn proof of loss, as provided in the policy;

   e.   by failing and refusing to give the Plaintiff notice of their intentions with regard to payment of the loss within [30] days of Plaintiff's submission of the sworn proof of loss, as provided in the policy;

   f.   by refusing to timely pay in full the Plaintiff's claim for property damage after the Plaintiff placed the Defendants on notice and fully cooperated with the Defendants through the investigative process; and

ELECTRONICALLY FILED - 2017 Apr 03 10:04 AM - HORRY - COMMON PLEAS - CASE#2017CP2602174

g. by failing to perform other obligations under the Policy as may be revealed in discovery.

**WHEREFORE**, Plaintiff prays for the following:

a. Judgment against the Defendants on all claims set forth herein;

b. an award of actual and consequential damages from the Defendants in an amount to be determined by the jury and sufficient to compensate Plaintiff for all damages he has incurred, including professional fees, and property damage.

c. an award of punitive damages in an amount to be determined by the jury and sufficient to stress upon the Defendants the seriousness of its conduct and to deter similar conduct in the future;

d. an award of attorneys' fees and costs in an amount to be determined by the Court; and

e. for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

s/Ralph J. Wilson, Sr.
Ralph J. Wilson, Sr., SC Bar #6176
Attorney for the Plaintiffs
P.O. Box 1827
Conway, SC 29528-1827
Telephone:   843-381-0765
Facsimile:   888-519-0549
Email: stephanie@rjwlawpa.com

April 03, 2017
Conway, South Carolina